**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**OUSMANE LY,**

**Petitioner,**

**v.**

**WARDEN, BUTLER COUNTY JAIL, *et al.*,**

**Respondents.**

**Case No. 1:26-cv-00378**
**Judge Jeffery P. Hopkins**
**Magistrate Judge S. Courter M. Shimeall**

## ORDER AND REPORT AND RECOMMENDATION

Petitioner Ousmane Ly, through his *next friend,*[1] Dawn Weatherwax, seeks a stay of removal pending the final resolution of a post-conviction appeal in the Indiana Court of Appeals, and, after having now been removed from the United States, seeks this Court to order his return. (*See* ECF Nos. 1, 4, 9, 26, 33.) Respondent the Acting Director of U.S. Immigration and Customs Enforcement ("ICE") opposed Petitioner's request on numerous grounds. (ECF No. 30.) Separately, Respondent the Warden of Butler County Jail (the "Warden") moves to dismiss the Petition. (ECF No. 13.)

[1] Respondent ICE challenges the next friend's ability to represent the interests of Petitioner in this action. "To act on a detainee's behalf, a putative next friend must demonstrate that the detainee is unable to prosecute the case on her own behalf due to 'inaccessibility, mental incompetence, or other disability' and that the next friend is 'truly dedicated to the best interests of the person on whose behalf he [or she] seeks to litigate.'" *Paredes As Next Friend of Argibay v. U.S. Immigr. & Customs Enf't*, No. 1:26-CV-1174, 2026 WL 1141135, at *1 (W.D. Mich. Apr. 28, 2026) (finding the next friend could proceed on the immigrant detainee's behalf); *see also Moiseev by Kandashkina v. Raycraft*, No. 1:26-CV-1446, 2026 WL 1413110, at *1–2 (W.D. Mich. May 20, 2026) (permitting a spouse to proceed as next friend, *pro se*, on behalf of her detained husband because the petition adequately demonstrated the petitioner's lack of access at the ICE detention facility, limited English proficiency, and that, as petitioner's spouse, she had a significant relationship with petitioner and was acting in his best interests); *but see Martinez v. Warden*, No. 4:26 CV 773, 2026 WL 1242933, at *1–2 (N.D. Ohio May 6, 2026) (denying a request for a spouse to appear *pro se* as next friend on behalf of her detained husband because "[a] non-lawyer cannot serve as a 'next friend' unless she, herself, is represented by counsel"). Upon review of the caselaw that has addressed this issue, the Undersigned does not find as a matter of law Ms. Weatherwax is barred from proceeding as next friend, and thus, will allow her to proceed as next friend for purposes of this Petition, finding that she otherwise has demonstrated that Petitioner lacks access to the courts, and that she has a significant relationship with Petitioner and has his best interests in mind.

For the reasons that follow, it is **RECOMMENDED** that the Court **DENY** Petitioner's claims for relief and **GRANT** the Warden's Motion to Dismiss.

## I. BACKGROUND AND PROCEDURAL HISTORY

Petitioner filed this second Petition for Writ of Habeas Corpus on April 16, 2026. (ECF No. 1.) In it, he alleges that he was taken into immigration custody on August 14, 2025, and housed at Butler County jail, while removal proceedings were pending against him in immigration court. (ECF No. 1, at PAGED #: 5.) Thereafter, on or about March 2, 2026, an immigration judge ordered Petitioner's removal to Senegal, finding that his 2021 sexual battery conviction in Indiana state court qualified as an aggravated felony as defined in Section 101(a)(43)(F) in violation of Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (codified at 8 U.S.C. § 1227(a)(2)(A)(iii)), and thus rendered him removable. (*Id.* at PAGEID #: 2, 6–7; *see also* Exhibit G, ECF No. 30-6, at PAGEID #: 626–31.) According to his Petition, his appeal of that removal order is currently pending before the Board of Immigration Appeals ("BIA"). (*Id.* at PAGEID #: 5.)

On April 9, 2026, Petitioner sought a stay of his removal to Senegal by filing a petition for a writ of habeas corpus in this District. *See Ousmane Ly v. Lyons*, No. 1:26-cv-361-MWM-PBS, Petition, ECF 1 (S.D. Ohio April 9, 2026). The Court soon after denied his Petition for lack of subject matter jurisdiction. *Id.* at Order and Opinion, ECF 6, at PAGEID #: 378 (S.D. Ohio April 10, 2026).

In this new Petition now at issue (filed a few days later), he indicates that he is *not* challenging his removal, rather, he is challenging the validity of his Indiana state-court conviction, which was used as the sole basis for the removal order. (ECF No. 1, at PAGEID #: 5.) He further contends that his post-conviction appeal challenging that conviction is currently pending before

the Indiana Court of Appeals (Case No. 26A-PC-00389), and as such, he cannot be removed pending a final determination of that case.[2] (*Id.* at PAGEID #: 3, 19.) In his Grounds for Relief, Petitioner raises many arguments addressing the validity of the state-court conviction. He also contends that removal during a pending appeal that alleges constitutional violations violates the Fourteenth Amendment Due Process clause. (*Id.* at PAGEID #: 6–8.) Indeed, the vast majority of Petitioner's brief focuses on the alleged flaws related to his Indiana state-court conviction. (*See* ECF No. 1, at PAGEID #: 30–92.) Relevant here, even though Petitioner's brief in support of his Petition states that he is challenging the Indiana conviction and not the removal order, *see id.* at PAGEID #: 17, the relief he seeks is to stop his removal to Senegal. (*See id.* "Petitioner asks this Court for one thing today: stop his removal to Senegal.") In the alternative, Petitioner contends that prolonged detention where removal was not reasonably foreseeable is presumptively unlawful. (*Id.* at PAGEID #: 57.)

Petitioner initially sought a temporary restraining order and injunction preventing his removal to allow him the opportunity to remain in the United States during the pendency of his state-court appeal. (*Id.* at PAGEID #: 98–99; ECF No. 4.)

On May 29, 2026, Petitioner was removed from the United States to Senegal. (ECF No. 25, at PAGEID #: 475; ECF No. 30-8, Exhibit H, at PAGEID #: 635.) Since that time, Petitioner, through his next friend, has filed numerous motions on the docket requesting expedited rulings and the return of Petitioner to the United States. (*See* ECF Nos. 9, 15, 21, 23, 26, 27, 33.) Petitioner also seeks discovery (ECF No. 36) and for the issuance of subpoenas (ECF No. 37).

[2] Petitioner's post-conviction relief before the Seventh Judicial Circuit Court challenging his 2021 sexual battery guilty plea was denied on January 22, 2026. (ECF No. 1-1, at PAGEID #: 122–31.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Under 28 U.S.C. § 2241, federal courts have the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. Moreover, although the scope of § 2241's reach includes non-citizens, "district courts' habeas powers are somewhat limited in the immigration context." *See Hamama v. Homan*, 912 F.3d 869, 876 (6th Cir. 2018) (noting that "Congress stripped the courts of jurisdiction to grant habeas relief" for challenges to removal orders); *see also Jiang Lu v. U.S. Immigr. & Customs Enf't* , 22 F. Supp. 3d 839, 841 (N.D. Ohio 2014) ("Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal."). Despite lacking "jurisdiction in habeas over issues such as challenges to the legality of a removal order. . . [the Court] has jurisdiction to consider whether a noncitizen is lawfully detained." *Gvarliani v. Acting Dir., U.S. Immigr. & Customs Enf't*, No. 3:26-CV-1324, 2026 WL 2042181, at *2 (N.D. Ohio July 15, 2026), *report and recommendation* (citing *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) (further citations omitted)).

## III. ANALYSIS

Petitioner's arguments can be distilled to the following: he should not be removed, and, now that he has been removed, should be returned to the United States because he has an appeal pending in Indiana state court. (ECF No. 1.) In his view, a favorable outcome in that appeal would undermine the validity of his state-court felony conviction, which in turn could nullify the grounds for the immigration court's removal order. (ECF No. 1.) At base, then, Petitioner seeks for this

Court to maintain the status quo until the state-court appeal process is complete. (*See* ECF No. 31, at PAGEID #: 640.) Respondent ICE contends that Petitioner's claims fail for numerous reasons, namely: (1) this Court lacks jurisdiction to review state court decisions, other district court decisions, and removal orders; (2) Petitioner's claims are otherwise moot now that he has been removed; (3) he cannot collaterally attack his state court felony convictions in this § 2241 habeas proceeding; and (4) he has not demonstrated circumstances that warrant facilitation of his return. (ECF No. 30.) Respondent Warden contends that because Petitioner is no longer housed in Butler County Jail and was in the custody of ICE, not Butler County, the Warden should be dismissed. (ECF No. 13.) Upon review, the Undersigned finds that Respondents have the better arguments.

**A. Respondent Warden's Motion to Dismiss**

Respondent Warden moves to dismiss the Petition primarily because Petitioner is no longer being housed at Butler County Jail. (ECF No. 13, at PAGEID #: 429.) Respondent Warden further contends that although Petitioner was housed at Butler County Jail, Petitioner was at all relevant times in the custody of ICE, not the Warden's. (*Id.* at PAGEID #: 430.) For this reason, even setting aside that Respondent is no longer housed at Butler County, the Warden is not a proper party in this suit. *See, e.g.*, *Roman v. Ashcroft et al.*, 340 F.3d 314, 319–20 (6th Cir. 2003) (holding that "although the warden of each detention facility technically has day-to-day control over alien detainees, the INS District Director for the district where a detention facility is located 'has power over' alien habeas corpus petitioners"). The Undersigned finds the Warden's arguments to be well-taken and recommends that its Motion to Dismiss be granted, and the Warden be dismissed as a Respondent.

### B. The Court Lacks Jurisdiction for Relief Pertaining to Execution of Petitioner's Removal Order

#### 1. The Court Lacks Jurisdiction to Stay the Execution of the Removal Order

As noted by the District Judge in his prior habeas case, the district court lacks jurisdiction to review removal-based claims. *See Ousmane Ly v. Lyons*, No. 1:26-cv-361-MWM-PBS, Order and Opinion, ECF 6, PAGEID # 378 (S.D. Ohio April 10, 2026) ("As [is] well established in the Sixth Circuit . . . the Court lacks subject matter jurisdiction over removal-based claims." (citing *Hamama v. Adducci*, 912 F.3d 869 (6th Cir. 2018)); *see also Karki v. Jones*, No. 25-3440, 2025 U.S. App. LEXIS 20660, at *7 (6th Cir. Aug. 13, 2025) ("On its face, [8 U.S.C.] § 1252(g)'s text prohibits judicial review of a habeas petition challenging the execution of a removal order issued under Chapter 12 of Title 8.") Section 1252(g) provides in relevant part that: "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g); *see also Hamama*, 912 F.3d at 875–76 (finding that a request to stay the execution of a final order of removal is not something over which district courts have jurisdiction).

Additionally, the doctrine of issue preclusion bars subsequent suits asserting the same claims after dismissal for lack of jurisdiction. *See Outdoor One Commc'ns LLC v. Charter Twp. of Canton*, 155 F.4th 776, 781 (6th Cir. 2025). Issue preclusion applies if:

> (1) the issue was raised and litigated in the prior proceeding; (2) determining the issue was necessary to that proceeding; (3) the prior decision was final and on the merits; and (4) the party against whom the prior decision will be applied had a full and fair opportunity to litigate the issue in the prior proceeding.

*Id.* at 782.

As an initial matter then, Petitioner's request for a stay of the execution of the removal order is barred by issue preclusion because the same issue was raised, and thus litigated, in his

prior case. Further, the district court's determination that the court lacked jurisdiction was necessary to the determination and outcome of that case, was a final decision, and was against the same parties. Thus, Petitioner cannot relitigate that which has already been decided, nor can this Court act as a reviewer of the prior district court's decision. *See Yigal v. Butler*, No. 1:22 CV 519, 2022 WL 2237847, at *2 (N.D. Ohio June 22, 2022) (explaining that district courts lack subject matter jurisdiction to review another district court's prior decision).

But even if it was not barred by issue preclusion, Petitioner's request for a stay of the execution of the removal order falls squarely outside this Court's jurisdiction. The immigration court found that Petitioner was convicted of an aggravated felony, and thus was "removable under section 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of a crime of violence (aggravated felony) under section 101(a)(43)(F) of the INA, 8 U.S.C. § 1 101(a)(43)(F)." (Order of Removal, ECF No. 30-6, at PAGEID #: 628.) Accordingly, under § 1252(g), the federal court does not have jurisdiction to hear any claims regarding the execution of that removal order, and by seeking a stay of the execution of the final order of removal, Petitioner is seeking for the Court to intervene where it does not have jurisdiction. *See Karki*, 2025 U.S. App. LEXIS 20660, at *7 (finding the district court lacked jurisdiction to grant a stay of the execution of a removal order); *see also Hamama*, 912 F.3d at 872–75 (6th Cir. 2018) (holding that attempts to stay "the Attorney General's enforcement of long-standing removal orders falls squarely under the Attorney General's decision to execute removal orders and is not subject to judicial review").

The fact that Petitioner is trying to challenge the validity of his state-court conviction does not change this conclusion because the Order of Removal was validity issued and final. As the Order of Removal explained, Petitioner's pursuit of "post-conviction relief in the form of a

collateral (for immigration purposes) attack on a conviction in state criminal court [did] not affect the conviction's finality for federal immigration purposes." (*Id.*); *see also Pola v. United States*, 778 F.3d 525, 532 (6th Cir. 2015) ("Pending post-conviction motions or other collateral attacks do not negate the finality of a conviction for immigration purposes unless and until the conviction is overturned." (quoting *Jimenez-Guzman v. Holder*, 642 F.3d 1294, 1297 (10th Cir. 2011)). Thus, because the state-court conviction is deemed final for immigration purposes, the pending state-court collateral appeal would not be a basis to stay execution of the removal order. *See e.g. Zonou v. Warden, Chillicothe Corr. Inst.*, No. 1:12-cv-69, 2013 U.S. Dist. LEXIS 19974, at *4 (S.D. Ohio Feb. 14, 2013), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 32220 (S.D. Ohio, Mar. 8, 2013) ("To the extent that petitioner is not challenging his deportation, but only seeks a stay while the instant habeas petition challenging his state conviction is pending, this Court still lacks jurisdiction under the REAL ID Act to stay any removal order that has been entered or issued in an immigration proceeding.").

The caselaw upon which Petitioner relies is inapposite. He cites, for example, *Nken v. Holder*, 556 U.S. 418 (2009), which explains that a federal appellate court has the authority to stay a removal pending an appeal challenging the legality of that removal order *in that appellate court*. Yet here, Petitioner contends that he is not challenging the legality of the removal order itself nor does he have any appeal pending challenging the issuance of the removal order. *See e.g. Ikharo v. Shanks*, No. 1:19-CV-256, 2020 WL 3490376, at *4 (S.D. Ohio Feb. 21, 2020), *report and recommendation adopted*, 2020 WL 3488925 (S.D. Ohio June 26, 2020) ("[T]o the extent that plaintiff seeks to challenge his final order of removal, his sole remedy is to file a petition for review with the Sixth Circuit Court of Appeals"—not the district court).

Accordingly, the Undersigned finds that, to the extent the habeas petition seeking a stay of the removal order is not barred by issue preclusion, it still otherwise fails because the district court lacks jurisdiction to interfere with the execution of removal orders under these circumstances.

**2. Petitioner's Stay of the Removal Order is Moot**

Additionally, Petitioner's request to stay of the execution of his removal order pending an outcome in the Indiana appellate court is now rendered moot in light of his removal to Senegal.

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). Article III requires "that there be a live case or controversy," and a case becomes moot when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (citation and quotations omitted). "As a general rule, a habeas petition presents a live case or controversy only when a petitioner is in custody." *Alonso-Portillo v. Jone*s, No. 25-3776, 2026 U.S. App. LEXIS 7418, at *4 (6th Cir. Mar. 12, 2026).

Here, the relief Petitioner sought has been rendered moot now that he is no longer in Respondents' custody. *See id.* at *6–7 ("[A] habeas petition does not continue to present a live controversy once the petitioner has been removed if the grounds for habeas relief will not redress the collateral consequences complained of by the petitioner." (citations omitted)); *see also Abdulhakim Mohamed v. Raycraft*, No. 1:26-CV-2220, 2026 WL 2372132, at *2 (W.D. Mich. Aug. 14, 2026) (finding a § 2241 petition challenging detention moot after the petitioner was removed from the United States); *Gomez-Gomez v. Raycraft*, No. 3:26-CV-1041, 2026 WL 1638980, at *1 (N.D. Ohio June 5, 2026) (noting that district courts have held that once the petitioner was deported, the court lacked jurisdiction to grant habeas relief); *Zhen v. Doe*, No. 3:25-

CV-2812, 2026 WL 941577, at *2 (N.D. Ohio Apr. 7, 2026), *report and recommendation* (recommending that petitioner's habeas relief be denied as moot because the requested relief could no longer be granted). Likewise, any alternative basis challenging the length of Petitioner's detention is also rendered moot. *See Yaser v. Detroit*, No. 4:26-CV-00756-PAB, 2026 WL 1835511, at *1 (N.D. Ohio June 25, 2026) ("The Sixth Circuit has held that a petition for writ of habeas corpus challenging the length of an alien's detention pending removal is rendered moot by the alien's removal from the United States.").

Accordingly, in the alternative, Petitioner's habeas Petition is moot as a result of his removal and should thus be dismissed on that basis.

### C. Petitioner Cannot Collaterally Attack His State-Court Conviction in this § 2241 Proceeding

Although Petitioner tries to circumvent the above outcome by stating that he is *not* challenging the removal order itself, the relief he seeks indicates otherwise. Put differently, despite contending that he is challenging the constitutionality of his Indiana state court conviction, in doing so he is ultimately trying to invalidate the basis for, or interfere with the execution of, the removal order itself. In any event, framing this Petition as one "challenging the validity of the [state-court] conviction that is the sole predicate for the removal order" does not save this Petition. (ECF No. 31, at PAGEID #: 636.) This is because a non-citizen "may not collaterally attack a criminal conviction that serves as the basis for the DHS's initiation of removal proceedings against the alien, regardless of whether the attack is raised in a habeas petition or . . . on review from a decision of the BIA." *Al-Najar v. Mukasey*, 515 F.3d 708, 714 (6th Cir. 2008) (collecting cases).

Moreover, to the extent Petitioner is wanting this Court to review his state-court conviction on the merits or convert this petition to one under 28 U.S.C. § 2254, that would likewise be improper. That is, Petitioner was not "'in custody' under the conviction or sentence [at issue] at

the time he file[d] his habeas corpus petition" given that he had already served any sentence related to the 2021 conviction, and was therefore in ICE custody—not state custody—at the time he filed the Petition. *See, e.g.*, *Adames v. Hinton*, No. 2:16-CV-00963, 2016 WL 7386348, at *2 (S.D. Ohio Dec. 21, 2016), *report and recommendation adopted*, 2017 WL 2483814 (S.D. Ohio June 8, 2017) ("[B]eing in the custody of immigration authorities does not satisfy the 'in custody' requirement for federal habeas corpus proceedings, without which this Court lacks jurisdiction to consider the §2254 petition." (collecting cases)). Nor has he exhausted all state court remedies by virtue of having a current, pending appeal challenging the state court conviction. *See id.* at *2–3 (finding a similar habeas petition brought under § 2254 unexhausted when state court proceedings were still pending).

Accordingly, Petitioner's pending state court appeal does not alter the recommendation of dismissal.

### D. <u>Petitioner's Request for Return to the United States</u>

Petitioner's request for emergency injunctive relief ordering ICE to facilitate his return to the United States is also without merit. (ECF Nos. 9, 26.)

A preliminary injunction is an "extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). The movant must establish four factors: (i) a likelihood of success on the merits; (ii) a likelihood of irreparable harm absent preliminary relief; (iii) that the balance of equities tips in his favor; and (iv) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). The first two factors are "the most critical." *Karki*, 2025 U.S. App. LEXIS 20660, at *5.

To be sure, there are certain circumstances where ICE can be ordered to facilitate the return of an individual that has been removed from the United States. *See e.g. Noem v. Abrego Garcia*, __ U.S. __, 145 S. Ct. 1017, 1018 (2025) (per curiam) (recognizing that if a non-citizen was removed in violation of the law, federal courts may require the Government to "facilitate" the individual's return and to "ensure that his case is handled as it would have been had he not been improperly sent" elsewhere). This fact does not help Petitioner here. Petitioner has failed to demonstrate that he is likely to succeed on the merits because he offers no legal basis to demonstrate that he is entitled to this extraordinary remedy. Specifically, in this case, Petitioner's order of removal is final given that there is not currently a pending BIA appeal,[3] his state court conviction has not been overturned, he does not have a valid motion to reopen pending before the immigration court, and he does not allege that ICE violated any policies or procedures when effectuating his removal. *Cf. Sanchez Cruz v. Mullin*, No. 25-CV-13347, 2026 WL 1298529, at *4–6 (E.D. Mich. May 12, 2026) (finding a non-citizen with a pending appeal challenging his removal was entitled to injunctive relief, including for ICE to facilitate his return to the United States, when ICE violated a statutory stay, failed to follow its own procedures, and he otherwise demonstrated a likelihood of success on the merits).

Petitioner faces more hurdles, none of which can be surmounted here. For example, any likelihood of success has to be on the merits of his habeas petition, not in any other pending appeal. *See Karki*, 2025 U.S. App. LEXIS 20660, at *11. But the entire basis for Petitioner's injunctive relief here is that he has a meritorious post-conviction appeal pending—not that his habeas petition is meritorious. Likewise, none of the other factors outweighs Petitioner's failure to demonstrate a

[3] Although Petitioner represents that he filed an appeal, a review of his immigration court case's status (available on the Executive Office for Immigration Review's Automated Case Information System) associated with his alien number provided in his Petition does not reflect that a BIA appeal was received for that case. *See* Automated Case Information, *https://acis.eoir.justice.gov/en/* (last visited August 17, 2026.)

likelihood of success on the merits. *See e.g. Higuchi Int'l Corp. v. Autoliv ASP, Inc.*, 103 F.4th 400, 409 (6th Cir. 2024), *reh'g denied*, No. 23-1752, 2024 WL 3205995 (6th Cir. June 25, 2024) (finding that the in the absence of likelihood of success on the merits a preliminary injunction should not be granted).

Accordingly, the Undersigned finds that Petitioner is not entitled to injunctive relief and recommends that the Court deny his emergency requests for return to the United States. (ECF Nos. 9, 26.)

## IV. CONCLUSION

For the reasons stated herein, the Undersigned **RECOMMENDS** as follows:

1. Petitioner's habeas Petition (ECF No. 1), Motion for Temporary Restraining Order (ECF No. 4), Emergency Motion to Order his Return (ECF No. 9), Motion for Order to Show Cause and for Expedited Return (ECF No. 26), and Motion to Expedite (ECF No. 33) be **DENIED WITHOUT PREJUDICE**;
2. Petitioner's habeas Petition (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 4) be **DENIED AS MOOT** in the alternative; and
3. Respondent Warden's Motion to Dismiss be **GRANTED** (ECF No. 13).

It is further **ORDERED** that Petitioner's other pending motions (ECF No. 3, 27, 36, and 37) be **DENIED AS MOOT**.

## V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or

modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**